# IN RE PRISCILLA A.*
## (AC 31158)

Robinson, Bear and Borden, Js.

Argued May 20—officially released July 27, 2010

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Lindsey B. Guerrero*, deputy assistant public defender, with whom, on the brief, was *James J. Connolly*, assistant public defender, for the appellant (respondent).

*Gregory T. D'Auria*, senior appellate counsel, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (petitioner).

*Opinion*

BORDEN, J. The respondent, Priscilla A., appeals following an order of the trial court granting the motion of the petitioner, the commissioner of children and families (commissioner), to extend her delinquency commitment an additional six months. On appeal, the respondent claims that, pursuant to General Statutes § 52-434 (a), the judge trial referee who issued the order determined improperly that he had the authority to adjudicate the juvenile matter without her consent. We dismiss the appeal as moot.

The following facts and procedural history are not in dispute. In 2008, the respondent was adjudicated a delinquent and committed to the custody of the commissioner for a period of up to twelve months. On May 29, 2009, prior to the expiration of the commitment, the

commissioner filed a motion to extend the respondent's delinquency commitment for an additional twelve months. The respondent opposed the extension, and on June 1, 2009, filed a notice of opposition to the commissioner's motion for extension and further requested a full evidentiary hearing on the matter.

On June 3, 2009, the court, *Dannehy, J.,* scheduled the respondent's requested hearing before *Hon. William L. Wollenberg,* judge trial referee. That same day, the respondent filed a "Notice of Opposition to Appointment of State Trial Referee," in which she notified the court of her intention to oppose the assignment of the matter to a judge trial referee. In a subsequently filed supporting memorandum of law, the respondent claimed that, pursuant to § 52-434 (a) (3),[1] a juvenile matter may be referred to a judge trial referee only upon obtaining the written consent of the concerned child.

On June 15, 2009, Judge Wollenberg conducted a hearing on the commissioner's motion for extension of the respondent's delinquency commitment. At the outset, the respondent renewed her objection to Judge Wollenberg's authority, as a judge trial referee, to adjudicate the juvenile matter absent her consent. Judge Wollenberg responded that § 52-434 (a) (3) only applies

---

[1] General Statutes § 52-434 (a) (3) provides: "Each judge of the Juvenile Court who ceases or has ceased to hold office because of retirement other than under the provisions of section 51-49 and who is an elector and a resident of this state shall be a state referee for the remainder of such judge's term of office as a judge and shall be eligible for appointment as a state referee during the remainder of such judge's life in the manner prescribed by law for the appointment of a judge of the court of which such judge is a member, to whom a judge before whom any juvenile matter is pending may, *with the written consent of the child concerned,* either of such child's parents, or such child's guardian or attorney, refer any juvenile matter pending, provided such referee has been appointed a judge trial referee specifically designated to hear juvenile cases pursuant to subsection (b) of this section. The judge trial referee shall hear any matter so referred and report the facts to the court for the district from which the matter was referred." (Emphasis added.)

to former judges of the Juvenile Court, that he was not a former judge of the Juvenile Court but instead was a former judge of the Superior Court, and, therefore, the statute did not apply.[2] The court, accordingly, overruled the objection and thereafter ordered, pursuant to an agreement of the parties, that the respondent's delinquency commitment be extended six months, to conclude on January 1, 2010. This appeal followed.

On appeal, the respondent challenges the appointment of the judge trial referee to adjudicate her juvenile matter in the absence of her consent. Because the respondent's delinquency commitment expired on January 1, 2010, and there have been no requests for a further extension of her commitment, the parties each concede that no practical relief can be afforded by this court and, therefore, the respondent's appeal is moot.[3] This does not end our analysis, however, because the respondent contends that her claim qualifies for review

---

[2] The following colloquy occurred between the court and counsel for the respondent:

"[The Respondent's Counsel]: I'm not opposed to [the court] hearing an agreement [between the parties] going forward; my concern only is the reading of [§ 52-434 (a) (3)]. It appears to limit the court's ability to enter the [commitment] order. . . .

"The Court: State referees?

"[The Respondent's Counsel]: Correct. . . .

"The Court: But I'm not a state referee.

"[The Respondent's Counsel]: A judge trial referee?

"The Court: I'm a state trial referee.

"[The Respondent's Counsel]: Correct. That's the statute I'm referring to. . . .

"The Court: [Section 52-434 (a) (3)] [r]efers to juvenile judges . . . . I never was a juvenile judge."

[3] See *Lyon* v. *Jones*, 291 Conn. 384, 393–94, 968 A.2d 416 (2009) ("When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." [Citations omitted; internal quotation marks omitted.]).

under the "capable of repetition, yet evading review" exception to the mootness doctrine. We disagree.

"Mootness implicates a court's subject matter jurisdiction and, therefore, presents a question of law over which we exercise plenary review. . . . For a case to be justiciable, it is required, among other things, that there be an actual controversy between or among the parties to the dispute . . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law." (Citations omitted; internal quotation marks omitted.) *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008).

An otherwise moot question may qualify for review under the well established "capable of repetition, yet evading review" exception to the mootness doctrine. See *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995). In *Loisel*, our Supreme Court set forth three requirements that an otherwise moot question must satisfy in order to qualify for review under this exception. "First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." Id., 382–83.

"The first element in the analysis pertains to the length of the challenged action. . . . The basis for this

element derives from the nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome." (Citations omitted.) Id., 383–84. "[A] party typically satisfies this prong if there exists a 'functionally insurmountable time [constraint]' "; *Dutkiewicz* v. *Dutkiewicz*, 289 Conn. 362, 367, 957 A.2d 821 (2008); or "the challenged action had an intrinsically limited lifespan." *Loisel* v. *Rowe*, supra, 233 Conn. 383.

With these principles in mind, we address the respondent's claim that her appeal falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. The respondent, in order to establish the first requirement of *Loisel*, presents a statistical summary of Connecticut delinquency cases that tends to demonstrate that almost all delinquency dispositions are of a limited lifespan. This data suggests that 86 percent of delinquency cases are disposed of by short-term probation and 12 percent result in commitments to the commissioner of eighteen months or less. The respondent contends that because 98 percent of juvenile delinquency cases result in commitments of eighteen months or less, the challenged action is therefore of such an inherently limited duration that a substantial majority of questions concerning its validity will become moot before reaching the appellate stage of litigation. See *In re Fabian A.*, 106 Conn. App. 151, 156, 941 A.2d 411 (2008) (challenged action limited to eighteen months is of limited duration). This argument,

however, misconstrues the particular action that the respondent is challenging on appeal.

Although this appeal arises from a juvenile placement determination, the respondent is not directly challenging the extension of her delinquency commitment.[4] She instead is challenging the statutory authority of a judge trial referee to adjudicate her juvenile matter. As set forth previously, she contends that, pursuant to § 52-434 (a) (3), written consent of the concerned child is a required prerequisite to the appointment of a judge trial referee to adjudicate a juvenile proceeding. She claims that because she did not give her written consent in this case, the court improperly appointed a judge trial referee to adjudicate her delinquency commitment proceeding. The language of § 52-434 (a) (3), however, is not limited to delinquency dispositions but instead broadly addresses the appointment of a state referee to "any juvenile matter pending." Clearly, then, the contours of the statute could be implicated in civil juvenile matters that are separate and apart from delinquency commitment determinations, including neglect and termination of parental rights proceedings.[5]

The respondent's brief is bereft of any support for the proposition that *all* juvenile matters assigned to

[4] By contrast, the appellant in *In re Fabian A.*, supra, 106 Conn. App. 152, on which the respondent relies, directly challenged the trial court's granting of a motion to extend his delinquency commitment for an additional nine months.

[5] General Statutes § 46b-121 (a) (1) defines the term juvenile matters to include not only delinquency proceedings, but also "all proceedings concerning uncared-for, neglected or dependent children and youths within this state, termination of parental rights of children committed to a state agency, matters concerning families with service needs, contested matters involving termination of parental rights or removal of guardian transferred from the Probate Court and the emancipation of minors . . . ."

Although § 46b-121 was amended by Public Acts, Spec. Sess., June, 2007, No. 07-04, § 74, which took effect January 1, 2010, those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

judge trial referees are by their very nature of so limited a duration that a substantial majority of cases challenging their validity will become moot before appellate litigation can be concluded. A fundamental requirement for the application of the mootness exception propounded by the respondent is that the challenged action is strongly likely to evade appellate review in future cases. See *In re Melody L.*, 290 Conn. 131, 172, 962 A.2d 81 (2009); *Loisel* v. *Rowe*, supra, 233 Conn. 382. Because the respondent has failed to demonstrate that the substantial majority of appeals involving the authority of judge trial referees to adjudicate juvenile matters pursuant to § 52-434 (a) (3) will become moot prior to appellate resolution, we conclude that the first prong of our "capable of repetition, yet evading review" exception to the mootness doctrine is not satisfied. Having reached this conclusion, we need not address the two remaining requirements of this exception and must dismiss the appeal for lack of subject matter jurisdiction.

The appeal is dismissed.

In this opinion the other judges concurred.