## IN RE KIARA R.
## (AC 32709)

DiPentima, C. J., and Beach and Flynn, Js.

Argued April 19—officially released June 21, 2011

*Anne Louise Blanchard*, with whom were *Bet Gailor* and, on the brief, *Melanie Starks*, for the appellant (respondent mother).

*John E. Tucker*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Susan T. Pearlman* and *Benjamin Zivyon*, assistant attorneys general, for the appellee (petitioner).

*Opinion*

BEACH, J. The respondent mother[1] appeals from the decision of the trial court not to rule on a portion of an emergency motion she had filed to restore, inter alia, her unsupervised visitation with her minor daughter but, rather, to refer the matter for an administrative hearing. The respondent claims that the court erred in (1) failing to hold an evidentiary hearing pursuant to General Statutes § 46b-129 (k) (1) and Practice Book § 35a-14 (f) after the petitioner, the commissioner of

---

[1] The respondent father is not a party to this appeal. We therefore refer in this opinion to the respondent mother as the respondent.

children and families, terminated her unsupervised visitation provided for in a permanency plan and (2) declining to exercise primary jurisdiction over the respondent's emergency motion to restore unsupervised visitation. For the reasons that follow, we dismiss the appeal as moot.

The record reflects the following. In 2006, the petitioner filed a petition alleging that the respondent's minor daughter, Kiara, was neglected. On January 17, 2007, the court found Kiara to be neglected and ordered a period of protective supervision, wherein Kiara was to reside with the respondent. At a hearing on April 29, 2008, the court granted the petitioner's motion to open and to modify the disposition of protective supervision to commitment and ordered that Kiara be committed to the care and custody of the petitioner as of May 8, 2009. On May 5, 2010, the court approved the petitioner's permanency plan to revoke commitment and to reunite Kiara with the respondent. On September 2, 2010, the respondent filed a motion to revoke commitment. On September 17, 2010, the respondent filed a motion for emergency relief, asking that the court order the petitioner to restore unsupervised visitation and family therapy sessions, both of which the petitioner had terminated. On September 29, 2010, the court heard argument on the motion for emergency relief.[2] The court ordered that counseling resume but stated that it would not issue orders regarding visitation. It suggested that if the respondent wished to pursue the issue of restoring unsupervised visitation, she should request an administrative hearing with the department of children and families (department) pursuant to General Statutes § 17a-15 (c). On November 5, 2010, the respondent filed the present appeal. The respondent argues that, in the

---

[2] Prior to September 2, 2010, the respondent was permitted both supervised and unsupervised visits with Kiara. Supervised visits remained intact after the September 29, 2010 hearing.

circumstances of this case, the court was required to decide the visitation issue rather than referring it to an administrative agency.

On April 5, 2011, the petitioner filed a motion with this court to dismiss the respondent's appeal as moot. In its motion, the petitioner suggested that this appeal is moot because on March 31, 2011, subsequent to the filing of the appeal, the trial court granted the respondent's motion to revoke commitment, thereby returning Kiara to the respondent's care, although under protective supervision. At oral argument before this court, the parties addressed the issue of mootness and the claims on appeal. We conclude, and both the petitioner and the respondent agree, that the trial court's granting of the respondent's motion to revoke commitment renders this appeal moot. We cannot afford practical relief on the issue of visitation because Kiara now resides with the respondent. The respondent argues, however, in her objection to the petitioner's motion to dismiss, that her otherwise moot appeal is eligible for resolution under the "capable of repetition yet evading review" exception to the mootness doctrine. Because the petitioner's motion concerns our subject matter jurisdiction over the appeal, we must address the motion as a threshold issue.

"Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties." (Internal quotation marks omitted.) *New Image Contractors, LLC* v. *Village at Mariner's Point Ltd. Partnership*, 86 Conn. App. 692, 698, 862 A.2d 832 (2004). "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to

appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *In re Steven M.*, 264 Conn. 747, 754, 826 A.2d 156 (2003).

"An otherwise moot question may qualify for review under the well established 'capable of repetition, yet evading review' exception to the mootness doctrine. See *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995). In *Loisel*, our Supreme Court set forth three requirements that an otherwise moot question must satisfy in order to qualify for review under this exception. 'First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot.' Id., 382–83." *In re Priscilla A.*, 122 Conn. App. 832, 836, 2 A.3d 24 (2010).

We begin our analysis with the first requirement of *Loisel.* "The first element in the analysis pertains to the length of the challenged action. . . . The basis for this element derives from the nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it

arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome. . . . [A] party typically satisfies this prong if there exists a functionally insurmountable time [constraint] . . . or the challenged action had an intrinsically limited lifespan." (Citations omitted; internal quotation marks omitted.) Id., 836–37.

The respondent argues that the first *Loisel* requirement is satisfied because the statutory framework imposes a functionally insurmountable time constraint on parents who appeal decisions in relation to their children's court approved permanency plans. In support of her argument, she highlights the following statutes and rule of practice. Pursuant to § 46b-129 (k) (1), the petitioner is required to file a motion for review of a permanency plan within nine months after the placement of the child into care, and subsequent permanency hearings must be held not less frequently than every twelve months while the child remains in the petitioner's care. Any party opposing the permanency plan must file a motion in opposition not later than thirty days after the filing of the motion for review and the court must hold evidentiary hearings on any contested motion for review of a plan not later than ninety days after the filing of the motion. Pursuant to § 46b-129 (k) (1) and Practice Book § 35a-14 (f), the petitioner may move to modify a court approved permanency plan at any time within the twelve month period, and under § 46b-129 (m), the petitioner, a parent, or the child's attorney may file a motion to revoke commitment at any time but not more often than once every six months. A permanency plan that contains visitation provisions is subject, then, to frequent reviews and potential revisions. The respondent contends, therefore, that she and other parents who file motions and request hearings relating to

the permanency plan and who are dissatisfied with a court's referring the matter to the department and file an appeal, are substantially likely to have their appeals rendered moot by a later order.

There are, then, time requirements regarding the relevant motions and hearings. These time requirements, however, do not demonstrate that the action on which the respondent bases her appeal is of inherently limited duration. On appeal, the respondent claims that the court erred (1) in declining to hold an evidentiary hearing or to issue any orders regarding the portion of her emergency motion in which she requested that the court order the petitioner to restore her unsupervised visitation with Kiara consistent with the permanency plan and (2) in declining to exercise primary jurisdiction over her emergency motion. The respondent's claims became moot when the court granted her motion to revoke commitment, thereby returning Kiara to her care under protective supervision. There is nothing to suggest that the statutory time requirements providing for review of permanency plans necessarily render decisions regarding primary jurisdiction moot. In addition, it is not strongly likely that other parents in a similar situation who file motions, request hearings and appeal the court's rulings regarding their requests will, in a substantial majority of cases, have their appeals rendered moot by a further order of the court.

Case law is instructive as to what types of actions have an inherently limited duration such that they evade relief by appeal. The analysis is quite straightforward where the action in question is by its own terms of limited duration. For example, in *Dutkiewicz* v. *Dutkiewicz*, 289 Conn. 362, 957 A.2d 821 (2008), a parent attempted to contest his obligation, on constitutional grounds, to attend a parenting education program. Id., 364–65. The parent was obligated by Practice Book § 25-5 (a) (6) to comply within sixty days of the return day.

Id., 365. The Supreme Court explained that, within that time frame, an appeal could not be held in time to afford relief, and the first *Loisel* factor was thus satisfied. Id., 367–69; see also *In re Steven M.*, supra, 264 Conn. 754–56 (order necessarily in effect for less than eighteen months); *Kennedy* v. *Putman*, 97 Conn. App. 815, 820, 905 A.2d 1280 (2006) (temporary restraining order necessarily of short duration).

The case at hand is different. To whatever extent the court's decision not to issue an order with respect to visitation and, instead, to refer the matter to the department is of limited duration, it is so not because of an inherent limitation in the effect of the decision, but, rather, because of the effect of other factors upon it. That is to say, the court's decision is effective, in the sense that an appeal could afford practical relief, so long as a court order does not supersede the department's action. There is nothing that necessarily terminates the efficacy of the court's decision at any particular time.

Several factually similar situations have been reviewed on appeal. In *In re Justin F.*, 116 Conn. App. 83, 976 A.2d 707, cert. dismissed, 292 Conn. 913, 973 A.2d 660, cert. denied, 293 Conn. 914, 978 A.2d 1109 (2009), cert. denied sub nom. *Albright-Lazzari* v. *Connecticut*, 559 U.S. 912, 130 S. Ct. 1298, 175 L. Ed. 2d 1087 (2010), the parents claimed that the court improperly "ceded to the department the responsibility to determine visitation in accordance with the best interests of the [children] . . . ." Id., 108–109. This court noted that General Statutes § 17a-10a directs the department to prepare a plan of treatment, including visitation as frequent as reasonably possible. Id., 109. If a parent of a committed child disagrees with any of the provisions of the department's plan, then § 17a-15 (d) entitles such

an aggrieved parent, after a hearing, to pursue an appeal pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. Id. Although this court rejected the parents' claim on the merits, it considered the merits—the claim that referral to the department was improper had not been rendered moot by other superseding court orders. Id., 108–10.

*In re Candace H.*, 63 Conn. App. 493, 776 A.2d 1180 (2001), appeal dismissed, 259 Conn. 523, 790 A.2d 1164 (2002), presented another interlocutory appeal from an order regarding visitation. There, the respondent mother contested the trial court's order declining to allow visitation with her minor child. Id., 494. This court heard and rejected the mother's appeal on the merits. Id., 498–502. The trial court also ordered, however, that visitation with the child be determined by the child's aunt and uncle and the department. Id., 503. This court held, on the merits, that the delegation of authority to the relatives and the department was improper. Id., 504. The Supreme Court, on petition by the department, certified the question whether this court properly concluded that it was impermissible to delegate the visitation determination to the department. *In re Candace H.*, 257 Conn. 907, 777 A.2d 686 (2001). While the appeal was pending, the mother voluntarily relinquished her parental rights, thus rendering the appeal moot. *In re Candace H.*, 259 Conn. 523, 526, 790 A.2d 1164 (2002). The Supreme Court unambiguously held that "the issue presently before the court is not capable of repetition, yet evading review and, therefore, does not qualify for review under the exception to the mootness doctrine as enunciated in *Loisel* . . . ." Id., 526–27.[3] This holding would appear to control the disposition of the matter at hand.

---

[3] The Supreme Court also vacated the judgment of this court regarding the propriety of the delegation of the visitation determination to the department. *In re Candace H.*, supra, 259 Conn. 527.

Finally, the question of whether a particular ruling is substantially likely to evade review may depend at least in part on how broadly the ruling is defined. In *In re Priscilla A.*, supra, 122 Conn. App. 833, the respondent juvenile appealed from a ruling of the trial court extending her delinquency commitment for an additional six months. The extension was ordered by a judge trial referee. The respondent's position was that the judge trial referee was not capable of acting without the consent of all the parties. Id. While the appeal was pending, the commitment expired, rendering the matter moot. Id., 835. The issue, moreover, did not evade review. Although the commitment in question may have been of such limited duration that review was unlikely in the normal course of events, the issue presented was not the actual commitment but, rather, the ability of the judge trial referee to act. See id., 838. This issue could arise in a variety of contexts. Therefore, this court concluded that there was no support "for the proposition that *all* juvenile matters assigned to judge trial referees are by their very nature of so limited a duration that a substantial majority of cases challenging their validity will become moot before appellate litigation can be concluded. A fundamental requirement for the application of the mootness exception . . . is that the challenged action is strongly likely to evade appellate review in future cases." (Emphasis in original.) Id., 838–39.

In the case at hand, the issue arises in the context of the court's decision with respect to the emergency motion to restore unsupervised visitation, but the real issue is the ability of the court to refer matters to the department for disposition by an administrative hearing. The pertinent statute, § 17a-15 (c), provides for department hearings for virtually every aspect of the permanency plan. There has been no showing that all

aspects of the plan are of such inherently short duration that effective review is unlikely.

Of course, it should be noted that the issue in this matter would not have been moot if the court had not granted the respondent's motion to revoke commitment shortly after this appeal was filed. Although not dispositive in itself, the fact that this matter became moot because of an extraneous factor that did not occur of necessity militates against a holding that the issue is likely to evade review.

In failing to establish that the substantial majority of cases presenting the dispositive issue evade review, the respondent has foundered on the first requirement of the exception to the mootness doctrine. See *In re Forrest B.*, 109 Conn. App. 772, 776, 953 A.2d 887 (2008). Accordingly, we reject the respondent's claim that the capable of repetition, yet evading review exception applies to her appeal. We must grant the petitioner's motion to dismiss the appeal for lack of subject matter jurisdiction.

The appeal is dismissed.

In this opinion the other judges concurred.