******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HENRY J. MARTOCCHIO *v.* STEPHANIE
SAVOIR ET AL.
(AC 36368)

Gruendel, Keller and Borden, Js.

*Argued February 4—officially released March 31, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Shluger, J.)

*Henry J. Martocchio*, self-represented, the appel-
lant (plaintiff).

*JoAnn Paul*, for the appellees (defendant Roland
Savoir et al.).

*Opinion*

PER CURIAM. This case involves a question of visitation rights for the defendant grandparents, Ronald Savoir and Tina Savoir, to see their minor grandchild.[1] The plaintiff father, Henry J. Martocchio, appeals from the decision of the trial court clarifying its judgment awarding him sole custody of the child. The plaintiff raises seventeen distinct issues that largely challenge the clarification as substantially altering the underlying judgment and the Connecticut statutory structure that authorizes the grandparents to visit their grandchild. He also alleges fraud on the part of the grandparents, as well as violations of his due process rights, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. He finally raises a challenge to the subject matter jurisdiction of the trial court, alleging that the court failed to establish that the grandparents had standing to pursue a third-party visitation claim against the wishes of a fit parent pursuant to *Roth* v. *Weston*, 259 Conn. 202, 789 A.2d 431 (2002). Because this court recently addressed the issue of subject matter jurisdiction in a previous decision, *Martocchio* v. *Savoir*, 153 Conn. App. 492, 101 A.3d 953 (2014) (standing appeal), and because there is no active controversy before this court, we dismiss this appeal as moot.[2]

The complex history of the parties' dispute involves a protracted disagreement about the medical treatment for the child. The plaintiff and Stephanie Savoir are the parents of the child, who was born in 2004. The plaintiff and Savoir never married, and until 2006, the plaintiff was unaware that he was the father of the child. In April, 2006, the grandparents filed an application with the Probate Court to seek immediate temporary custody of the child on the ground that Savoir was not properly caring for the child. The Probate Court awarded temporary custody to the grandparents, and later appointed the grandparents as the child's temporary legal guardians. Savoir subsequently informed the plaintiff that he was the child's father, and the plaintiff began a paternity action in the Probate Court.

In November, 2006, the action was transferred to the Superior Court, *Shluger*, *J.*, who awarded the plaintiff sole custody of the child on January 31, 2008. Shortly thereafter, a dispute arose between the plaintiff and the grandparents regarding the medical treatment of the child. In response, the plaintiff filed a motion to terminate the grandparents' visitation rights, and the grandparents filed a motion to modify the court order, seeking custody of the child. Following several rounds of motions, on July 28, 2008, the trial court rendered judgment awarding sole custody to the plaintiff and granting the grandparents visitation rights. In doing so, the court determined that, as a factual matter, the grandparents had developed a relationship with the child akin

to that of a natural parent. In October, 2011, Savoir's parental rights were terminated with her consent.[3]

The grandparents then filed a motion for contempt on January 11, 2013, claiming that the plaintiff was denying them their visitation rights in violation of Judge Shluger's order. The plaintiff filed a number of motions in response, including a motion to dismiss the grandparents' motion for contempt. Among the plaintiff's many arguments in his motion to dismiss, he asserted that the grandparents lacked standing to move for contempt because they lost their right to visitation when Savoir's parental rights were terminated.

On May 17, 2013, the court, *Abery-Wetstone, J.*, rendered a decision on the plaintiff's motion to dismiss, as well as eight other motions filed by the plaintiff. In that decision, the court concluded that the grandparents' visitation rights were contingent upon their satisfaction of the standards articulated in *Roth* v. *Weston*, supra, 250 Conn. 234–35. The court concluded that, pursuant to Judge Shluger's July 28, 2008 judgment, the grandparents had already satisfied the *Roth* standards, and that the plaintiff's failure to appeal the judgment resulted in his waiving a challenge to the grandparents' standing. Following the court's decision, the plaintiff timely filed the standing appeal.

While the standing appeal was pending, the grandparents' motion for contempt was heard by Judge Abery-Wetstone on October 24, 2013. Judge Abery-Wetstone recommended that the grandparents seek a clarification from Judge Shluger as to whether his July 28, 2008 judgment concluded that the grandparents had standing to pursue visitation. The grandparents subsequently moved for clarification from Judge Shluger of his July 28, 2008 judgment. On November 4, 2013, Judge Shluger issued a clarification, in which he found that the grandparents have a parent-like relationship with the child and that to deny them access would cause real and significant harm to the child. On November 20, 2013, the plaintiff moved to reargue the clarification, which was granted by Judge Shluger on November 26, 2013. No reargument has yet been scheduled. This appeal followed. See footnote 2 of this opinion.

While the present appeal was pending, this court rendered its decision in the standing appeal. In the standing appeal, this court reversed Judge Abery-Wetstone's May 17, 2013 ruling, concluding that Judge Shluger's prior judgment should not have been used to determine whether the grandparents had satisfied the standing requirements under *Roth*. *Martocchio* v. *Savoir*, supra, 153 Conn. App. 507. As a consequence, the case was remanded to the trial court to conduct a new hearing on the grandparent's standing to seek third-party visitation. Id.

The plaintiff argues in his brief to this court that his

rights have been violated, including his fundamental right to parent his child, his right to due process guaranteed by the Fourteenth Amendment, and certain rights afforded by the Americans with Disabilities Act and other federal statutes. We cannot address any of these arguments, however, because we lack subject matter jurisdiction over this appeal. The present appeal is moot as a result of this court's decision in the standing appeal.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable . . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy [is] capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . A case is considered moot if [the court] cannot grant the appellant any practical relief through its disposition of the merits . . . . Because mootness implicates this court's subject matter jurisdiction, it raises a question of law over which we exercise plenary review." (Internal quotation marks omitted.) *Wyatt Energy, Inc.* v. *Motiva Enterprises, LLC*, 308 Conn. 719, 736, 66 A.3d 848 (2013).

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . *An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal.* . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Emphasis added; internal quotation marks omitted.) *Burbank* v. *Board of Education*, 299 Conn. 833, 839, 11 A.3d 658 (2011).

In the present appeal, the grandparents clarified at oral argument before this court that they elected to abandon their motion for contempt and, in fact, had properly filed a withdrawal of that motion in the Superior Court. They conceded that if they were to pursue their visitation rights in the future, they would be required to submit a new petition, at which time they would be evaluated for standing under *Roth* pursuant to this court's decision in the standing appeal. As there is no active controversy before us, we cannot provide any form of practical, meaningful relief to the plaintiff, who has retained sole custody of his child throughout

these proceedings. See *Edgewood Village, Inc.* v. *Housing Authority of New Haven*, 54 Conn. App. 164, 167, 734 A.2d 589 (1999).

The plaintiff argues that his allegations of violations of the Americans with Disabilities Act and other federal statutes provide sufficient subject matter jurisdiction to make the case justiciable before this court. We disagree. The documents filed in this case alleging violations of that act and other federal statutes, as well as the plaintiff's due process rights, specifically name individuals and entities who are not parties to this proceeding. Accordingly, the allegations do not constitute an actual controversy between the plaintiff and the grandparents, and are thus nonjusticiable in this forum. *Wyatt Energy, Inc.* v. *Motiva Enterprises, LLC*, supra, 308 Conn. 736.

Moreover, even if there were still an active controversy before us, it is not clear what form of relief this court could provide the plaintiff. This court previously remanded this case to the trial court to conduct a new hearing as to whether the grandparents satisfy the standing requirement for visitation pursuant to *Roth* v. *Weston*, supra, 259 Conn. 202. Insofar as the plaintiff challenged the standing of the grandparents in the present appeal, this court has already addressed that issue. Any action taken in the present appeal would as a consequence be cumulative.[4]

The appeal is dismissed.

[1] At the time of the initial paternity action in this case, the plaintiff named three defendants. The defendants Ronald Savoir and Tina Savoir are the child's maternal grandparents. We refer to them as the grandparents in this opinion. The defendant Stephanie Savoir is the mother of the child and is not a party to this appeal.

[2] Because we dismiss the present appeal on the ground of mootness, we need not consider whether the appeal was taken from an appealable final judgment.

[3] At or about the same time Savoir's parental rights were terminated, the plaintiff filed two documents with the trial court in this proceeding entitled "Complaint Objection Protest." The documents presented unclear allegations of violations of federal law and the Americans with Disabilities Act by a variety of members of the judiciary, state officials, and attorneys. As far as can be discerned by an examination of the record, the plaintiff did not clarify the meaning of the documents, and thus the trial court took no action on them.

[4] We also conclude as a necessity that this case does not fall within our "capable of repetition, yet evading review" exception to the mootness doctrine. See *In re Pricilla A.*, 122 Conn. App. 832, 836, 2 A.3d 24 (2010). The issue is neither of such limited duration nor of such public importance to require review despite its mootness. Id.