******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RENAISSANCE MANAGEMENT COMPANY, INC. *v.*
ANDRE BARNES ET AL.
(AC 38879)

Lavine, Mullins and Bear, Js.

*Syllabus*

The plaintiff landlord sought, by way of a summary process action, to obtain
possession of an apartment that had been rented to the defendant tenant.
The plaintiff served the defendant with a notice to quit possession of
the apartment and soon thereafter commenced this action. The defen-
dant filed a special defense claiming that the retaliatory eviction statute
(§ 47a-20) barred the plaintiff's action because the defendant had com-
plained to a municipal authority about housing code violations related
to certain repairs in the apartment and that authority had found viola-
tions of the housing code within six months of the commencement of
the action. The defendant then filed a motion for summary judgment
on that ground. The trial court granted the motion, concluding that
§ 47a-20 barred the action and that the plaintiff had failed to demonstrate
that any of the statutory (§ 47a-20a) exceptions to § 47a-20 applied.
The trial court specifically determined that the fitness and habitability
requirements enunciated in *Visco* v. *Cody* (16 Conn. App. 444), wherein
this court held that the defects alleged to be in need of repair must
materially affect a leased unit's fitness and habitability to be a violation
of § 47a-20 (3), did not apply in the circumstance of a municipal agency's
finding of housing code violations as set forth in § 47a-20 (2). Thereafter,
the defendant appealed to this court, claiming, inter alia, that the trial
court erred in determining that *Visco* was inapplicable to his defense
of retaliatory eviction under § 47a-20. Following oral argument before
this court, but before the court rendered its judgment, the defendant
vacated and relinquished possession of the subject apartment to the
plaintiff, and the court ordered supplemental briefing on the issue of
mootness and any possible exception thereto because the sole remedy
available to the plaintiff in its summary process action was possession
of the apartment. In their briefs, both parties argued that the issue raised
on appeal, that *Visco* applied to retaliatory eviction defenses brought
under § 47a-20 (2), satisfied the capable of repetition, yet evading review
exception to the mootness doctrine. *Held* that the plaintiff's appeal
was dismissed because it was moot and no exception to the mootness
doctrine was applicable to the facts and circumstances of the appeal:
in the specific context of this appeal and in light of the limited factual
record regarding the mootness issue and the recent procedural history
of the case, the parties failed to satisfy the first prong of the capable
of repetition, yet evading review exception to the mootness doctrine,
which pertains to the length of the challenged action, as this court was
not persuaded that this court or our Supreme Court would not be able
to resolve in a later appeal, with a more complete factual record concern-
ing the fitness and habitability aspect of each of the subject health code
violations, whether the fitness and habitability requirements enunciated
in *Visco* are applicable to a finding of municipal code violations pursuant
to § 47a-20 (2); furthermore, there was no merit to the plaintiff's assertion
that the failure of this court to determine in this appeal whether the
fitness and habitability gloss previously applied to § 47a-20 (3) in *Visco*
was applicable to § 47a-20 (2) would give rise to prejudicial collateral
consequences to landlords in future summary process cases, our appel-
late courts having applied the collateral consequences doctrine only to
instances in which the decision of the trial court gave rise to conse-
quences specific to a party to the case.

Argued March 16—officially released August 22, 2017

*Procedural History*

Summary process action brought to the Superior
Court in the judicial district of New Haven, Housing
Session, where the court, *Foti, J.*, denied the named

defendant's motion to dismiss; thereafter, the court, *Ecker*, *J.*, granted the named defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court; subsequently, the court, *Ecker*, *J.*, issued a corrected memorandum of decision. *Appeal dismissed.*

*Hugh D. Hughes*, with whom was *David E. Schancupp*, for the appellant (plaintiff).

*Wesleigh Anderson*, certified legal intern, with whom was *Jeffrey Gentes*, for the appellee (named defendant).

*Opinion*

BEAR, J. In this summary process action for possession of an apartment in New Haven, the plaintiff, Renaissance Management Co., Inc., appeals from the summary judgment of the trial court rendered in favor of the defendant Andre Barnes.[1] The court granted the defendant's motion for summary judgment on the ground that the plaintiff was prohibited by the retaliatory eviction statute; General Statutes § 47a-20; from initiating the action and that the exceptions claimed by the plaintiff under General Statutes § 47a-20a, which would preclude application of § 47a-20 and thereby allow it to initiate the action, did not apply. On appeal, the plaintiff claims that the trial court erred when it (1) determined that this court's holding in *Visco* v. *Cody*, 16 Conn. App. 444, 547 A.2d 935 (1988), was inapplicable to the defendant's special defense of retaliatory eviction under § 47a-20; (2) determined that its complaint did not allege nonpayment of rent; and (3) interpreted the definition of rent in § 47a-20a to include the United States Department of Housing and Urban Development's payment of its share of the agreed total rent for the premises such that the total amount of money received by the plaintiff was unaffected by the defendant's alleged underpayment. Following oral argument before this court, but before this court rendered its judgment, the plaintiff obtained possession of the apartment. Notified of this fact, we ordered the parties to submit supplemental briefs on the issue of mootness. Following our review of the parties' supplemental briefs, we dismiss the appeal because it is moot and no exception to the mootness doctrine is applicable to the facts and circumstances of this appeal.

The following facts and procedural history are not in dispute. The defendant was served with a notice to quit possession of the apartment on September 3, 2014. This summary process action was commenced on September 15, 2014. The defendant filed a special defense claiming that the retaliatory eviction statute, § 47a-20, barred the plaintiff's summary process action because he had complained to a municipal authority about housing code violations and such authority had found violations of the housing code within six months of the commencement of the action.

On August 10, 2015, the defendant moved for summary judgment on the ground that § 47a-20 prohibited the plaintiff from maintaining a summary process action within six months of a complaint to, or notice by, a government agency of a housing code violation. On September 8, 2015, the plaintiff submitted its memorandum in opposition to the motion for summary judgment, arguing that the reason for the action was the "fraud committed by the defendant in failing to report his income, which constitut[ed] a material violation of his lease." The plaintiff also argued that *Visco* required

that the claimed defects constituting a violation of the housing code materially affect health and safety, and that the defendant failed to submit detailed information regarding the requested repairs. The court granted the defendant's motion for summary judgment on February 5, 2016.

In its corrected memorandum of decision, the court determined that § 47a-20 barred the plaintiff's action, and that the plaintiff had failed to demonstrate that any exception under § 47a-20a to the § 47a-20 bar applied. Specifically, the court concluded that, contrary to the plaintiff's assertion, the fitness and habitability requirements enunciated in *Visco*, relating to requested "repairs" as set forth in § 47a-20 (3), did not apply in the circumstance of a municipal agency's finding of housing code violations as set forth in § 47a-20 (2). The court determined that § 47a-20 (2) required an actual finding by a municipal agency of a code violation, and concluded that New Haven's Livable City Initiative, the relevant municipal agency in the present case, found the existence of such code violations in the defendant's apartment, thereafter entering an order requiring remediation by the plaintiff within twenty-one days under threat of criminal liability. The court also determined that the exception claimed by the plaintiff under § 47a-20a (a) (1) was inapplicable to the facts of this case. Accordingly, the court granted the defendant's motion for summary judgment. This appeal followed.

The parties agree that, following oral argument before this court on March 16, 2017, the defendant vacated and relinquished possession of the plaintiff's property on May 10, 2017. After the parties apprised this court of this fact, we ordered supplemental briefing on the issue of mootness and any possible exceptions thereto because the sole remedy sought by, and available to, the plaintiff in its summary process action was possession of the premises. The parties have since submitted supplemental briefs, and each argues that the "capable of repetition, yet evading review" exception to mootness applies to this case. The plaintiff also argues in its supplemental brief that collateral consequences to the plaintiff will continue without a decision and, thus, the appeal is not moot.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates this court's subject matter jurisdiction." *Wendy V.* v. *Santiago*, 319 Conn. 540, 545, 125 A.3d 983 (2015). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) *State* v. *McElveen*, 261 Conn. 198, 217, 802

A.2d 74 (2002). "An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *In re Emma F.*, 315 Conn. 414, 423–24, 107 A.3d 947 (2015). "This court has consistently held that an appeal from a summary process judgment becomes moot where, at the time of the appeal, the defendant is no longer in possession of the premises." (Internal quotation marks omitted.) *Friedman* v. *Gomez*, 172 Conn. App. 254, 260, A.3d (2017).

As the defendant is no longer in possession of the property, the appeal is clearly moot, unless an exception applies and the parties do not contest this conclusion. Recognizing this, the parties argue that the issue raised on appeal, that this court's holding in *Visco* applies to retaliatory eviction defenses brought under § 47a-20 (2), satisfies the capable of repetition, yet evading review exception to the mootness doctrine. The plaintiff also argues that the collateral consequences doctrine applies because the court's interpretation of § 47a-20 (2) will allow other tenants to utilize it as a defense, and, therefore, the appeal is not moot. We determine that neither of the claimed exceptions applies and, thus, the appeal is moot.

"To qualify under the capable of repetition, yet evading review exception, three requirements must be met. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *Wendy V.* v. *Santiago*, supra, 319 Conn. 545–46.

"The first element in the analysis pertains to the length of the challenged action. . . . The basis for this element derives from the nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach

out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome. . . . [A] party typically satisfies this prong if there exists a functionally insurmountable time [constraint] . . . or the challenged action had an intrinsically limited lifespan." (Citations omitted; internal quotation marks omitted.) *In re Priscilla A.*, 122 Conn. App. 832, 836–37, 2 A.3d 24 (2010).

The present appeal fails to meet the first requirement of the capable of repetition, yet evading review exception. The action challenged in this case is that the plaintiff commenced a summary process action in violation of § 47a-20 (2) within six months of a finding by a municipal agency of a housing code violation. The specific legal issue raised by the plaintiff is whether the holding in *Visco*, that the defects alleged to be in need of repair must materially affect a leased unit's fitness and habitability to be a violation of § 47a-20 (3) (repairs), was also applicable in the circumstance of a municipal agency's finding of housing code violations pursuant to § 47a-20 (2).

Our Supreme Court recently has reached the merits of appeals in summary process cases, including the residential summary process cases of *Presidential Village, LLC* v. *Phillips*, 325 Conn. 394, A.3d (2017), and *Fairchild Heights, Inc.* v. *Dickal*, 305 Conn. 488, 45 A.3d 627 (2012). This court recently also has reached the merits of appeals in summary process cases, including the residential cases of *Holdmeyer* v. *Thomas*, 167 Conn. App. 544, 144 A.3d 1052 (2016) (reversing trial court and holding that plaintiff failed to meet any exceptions to § 47a-20), *Housing Authority* v. *Weitz*, 163 Conn. App. 778, 134 A.3d 749 (2016) (judgment of possession reversed and trial court ordered to vacate default judgment), *136 Field Point Circle Holding Co., LLC* v. *Razinski*, 162 Conn. App. 333, 131 A.3d 1213 (2016) (defendants entitled to hearing on merits of motion for judgment of possession), *Kenosia Commons, Inc.* v. *DaCosta*, 161 Conn. App. 668, 129 A.3d 730 (2015) (defendant subject to summary process proceedings as resident of mobile home park), and *Konover Residential Corp.* v. *Elezazy*, 148 Conn. App. 470, 87 A.3d 1114 (judgments of possession affirmed), cert. denied, 312 Conn. 908, 93 A.3d 592 (2014).

In the present case, as previously noted in this opinion, the appeal was argued in March, 2017, approximately two and one-half years after the service of the September 3, 2014 notice to quit. When the defendant vacated the premises in May, 2017, this appeal was under consideration by this court. In light of this recent history, we are not persuaded that this court or our Supreme Court will not be able to resolve in a later appeal, with a more complete factual record concerning the fitness and habitability aspect of each of the code violations, whether the *Visco* fitness and habitability

gloss to the meaning of repairs, as set forth in § 47a-20 (3), is applicable to a finding of code violations, pursuant to § 47a-20 (2). Accordingly, in the specific context of this appeal, after review of the parties' arguments in support of the application of the capable of repetition, yet evading review mootness exception, and in light of the somewhat limited contents of the factual record on which we must rely in part to resolve the *Visco* issue, we conclude that the first prong of that exception has not been satisfied by the parties. See *In re Priscilla A.*, supra, 122 Conn. App. 832.

The plaintiff also argues that it faces collateral consequences from the decision of the trial court such that the appeal is not moot. "Our Supreme Court . . . has allowed us to retain jurisdiction where the matter being appealed creates collateral consequences prejudicial to the interests of the appellant, even though developments during the pendency of the appeal would otherwise render it moot. . . . [T]o invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Whe[n] there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Citation omitted; internal quotation marks omitted.) *Iacurci* v. *Wells*, 108 Conn. App. 274, 277, 947 A.2d 1034 (2008).

The plaintiff argues that the failure of this court in this appeal to determine whether the *Visco* fitness and habitability gloss previously applied to § 47a-20 (3) is also applicable to § 47a-20 (2) would give rise to prejudicial collateral consequences to landlords in future summary process cases.[2] The plaintiff, however, argues for an overbroad application of the collateral consequences doctrine.

Our appellate courts have applied the doctrine to instances in which the decision of the trial court gave rise to collateral consequences specific to a party to the case. In *Putman* v. *Kennedy*, 279 Conn. 162, 175, 900 A.2d 1256 (2006), our Supreme Court applied the doctrine in a mooted case where the trial court's decision would harm the defendant's reputation. Although there are a diverse "array of collateral consequences that will preclude dismissal on mootness grounds"; id., 169; we are not aware of our courts having applied the doctrine to collateral consequences that do not directly and specifically affect the appealing party. See, e.g., *New Hartford* v. *Connecticut Resources Recovery*

*Authority*, 291 Conn. 489, 497 n.17, 970 A.2d 570 (2009) (contempt finding has collateral consequences on party as case continues); *Office of the Governor* v. *Select Committee of Inquiry*, 271 Conn. 540, 549–50, 858 A.2d 709 (2004) (appeal not rendered moot by investigative committee statement that it would not enforce subpoena directly "because of the collateral consequence of the potential for an article of impeachment on the basis, at least in part, of the governor's noncompliance with the subpoena"); *Wallingford* v. *Dept. of Public Health*, 262 Conn. 758, 769–70, 817 A.2d 644 (2003) (appeal not rendered moot by passage of special act addressing issue in case because administrative ruling that town is "water company" for purposes of possible construction of golf course on watershed land "potentially subjects" town to collateral consequences of Department of Public Health's jurisdiction and other statutory obligations); *Williams* v. *Ragaglia*, 261 Conn. 219, 227–31, 802 A.2d 778 (2002) (appeal from revocation of plaintiff's special study foster care license as consequence for violating foster care regulations was not rendered moot by grant to plaintiff of permanent custody of foster children at issue because of revocation's effect on her reputation and fact that revocation could be used against her in future Department of Children and Families proceedings if she wanted to become foster parent again); *State* v. *McElveen*, supra, 261 Conn. 212–16 (appeal from conviction of violation of probation was not rendered moot by defendant's completion of sentence because conviction could impact his reputation and ability to obtain employment or preconviction bail in future); *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 439–40 n.3, 685 A.2d 670 (1996) (outcome of other case party had pending affected by court's determination in appeal); *Housing Authority* v. *Lamothe*, 225 Conn. 757, 765, 627 A.2d 367 (1993) (potential prejudicial consequences to defendant in summary process action resulting from eviction, including ability to obtain future housing).

In summary, the defendant has vacated and surrendered possession of the premises to the plaintiff. In the absence of either party demonstrating the application of a recognized exception to the mootness doctrine, the appeal is moot.[3]

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The plaintiff brought this action against Barnes, Jane Doe, and John Doe. Jane Doe and John Doe are not parties to this appeal and, therefore, all references to the defendant herein are to Barnes.

[2] The plaintiff also argues that other tenants may report minor potential housing code violations to authorities rather than to their landlord when the tenant is in violation of its lease to prevent eviction for six months. Without opining on the meaning of the provisions of § 47a-20 (2), we note that this may be one of those instances where the plaintiff's sought after remedy lies with the General Assembly because the current statutory language omits any requirement that a health code violation must implicate a leased unit's fitness and habitability. Additionally, the alleged consequences that are of concern to the plaintiff are general consequences potentially

applicable to any residential landlord, not specific consequences unique to the plaintiff. We see this argument, therefore, as addressed to the capable of repetition and public interest prongs of the capable of repetition, yet evading review exception to mootness rather than the collateral consequences exception.

[3] The parties' arguments regarding the exceptions to mootness concern only the court's determination of the nonapplicability of *Visco* to § 47a-20 (2). Neither party has argued that the other claims raised on appeal are not moot or that an exception to mootness applies to them. The other claims also became moot when the defendant vacated and surrendered possession of the apartment to the plaintiff.

———————————————————