******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

U.S. BANK NATIONAL ASSOCIATION, TRUSTEE
*v.* JOHN DOE NO. 1 ET AL.
(AC 43466)

Alvord, Elgo and Cradle, Js.

*Syllabus*

The plaintiff bank sought, by way of summary process, to regain possession of certain premises from the defendants. Following the judgment of possession rendered for the plaintiff by the trial court, defendants B and F appealed, claiming that the court lacked subject matter jurisdiction over the summary process action because a final judgment had not been rendered in the foreclosure action that had resulted in the plaintiff obtaining title to the property. Thereafter, the plaintiff returned the summary process execution of possession to the court and indicated that the defendants were dispossessed of the property. *Held* that this court lacked subject matter jurisdiction over the appeal, as B and F were no longer in possession of the property.

Submitted on briefs February 9—officially released March 9, 2021

*Procedural History*

Summary process action brought to the Superior Court in the judicial district of Fairfield, Housing Session at Bridgeport, where the defendants were defaulted for failure to appear; thereafter the court, *Spader, J.*, denied the defendants' motion to dismiss and rendered judgment of possession for the plaintiff, from which the defendants Benjamin Bey and Fabiola Is Ra El Bey appealed to this court. *Appeal dismissed.*

*Fabiola Is Ra El Bay*, self-represented, filed a brief for the appellants (defendants Benjamin Bey and Fabiola Is Ra El Bey).

*Joseph J. Cherico*, filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this summary process action, the self-represented defendants, John Doe No. 8, also known as Benjamin Bey, and Jane Doe No. 10, also known as Fabiola Is Ra El Bey,[1] appeal from the judgment of possession rendered in favor of the plaintiff, U.S. Bank National Association, as Trustee, successor to Bank of America National Association, as successor by merger to LaSalle Bank National Association, as trustee for the RAMP SERIES 2007-RS I Trust. On appeal, the defendants claim that the trial court lacked subject matter jurisdiction over this action because a final judgment had not been rendered in the foreclosure action that had resulted in the plaintiff obtaining title to the property. We conclude that this appeal is moot.

On February 5, 2021, the plaintiff returned the summary process execution for possession to the trial court and indicated that the tenants were dispossessed of the property. Because the record reveals that the defendants are no longer in possession of the property, this appeal is moot. See *Renaissance Management Co.* v. *Barnes*, 175 Conn. App. 681, 686, 168 A.3d 530 (2017) ("[t]his court has consistently held that an appeal from a summary process judgment becomes moot [when] . . . the defendant is no longer in possession of the premises" (internal quotation marks omitted)). Therefore, this court lacks subject matter jurisdiction over this appeal.

The appeal is dismissed.

[1] The remaining eighteen defendants are not participating in this appeal.