### JERRY BLOOM *v.* DEPARTMENT OF LABOR
### (AC 26085)

Schaller, McLachlan and Mihalakos Js.

Argued September 23, 2005—officially released January 3, 2006

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (defendant).

*Jerry Bloom*, pro se, the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendant, the department of labor, appeals from the judgment of the trial court denying its motion to dismiss. On appeal, the defendant claims that the court improperly denied its motion to dismiss, which was based on the defense of sovereign immunity and the failure by the plaintiff, Jerry Bloom, to file a timely appeal from the prior dismissal of his unemployment compensation claim. We agree and accordingly reverse the judgment of the trial court.

On December 26, 1996, the plaintiff applied for unemployment compensation benefits following the termination of his employment as a registered nurse at the Jewish Home for the Elderly in Fairfield. On January 9, 1997, the administrator of the Unemployment Compensation Act (administrator), General Statutes § 31-222 et seq., denied the plaintiff benefits on the ground of wilful misconduct. Thereafter, the plaintiff filed an appeal that was heard by an appeals referee, who affirmed the administrator's decision on February 13, 1997. The plaintiff then appealed to the employment security board of review, which affirmed the decision of the referee and dismissed the plaintiff's appeal. The plaintiff's motions to open the decisions of the referee and the board of review were denied. On April 20, 1998, the plaintiff filed an appeal to the Superior Court. That appeal was dismissed by the court on November 23, 2001. On December 2, 2002, the plaintiff commenced

this action against the defendant, seeking an affirmative order for declaratory and injunctive relief to hold a new hearing on his unemployment claim from 1997. The defendant filed a motion to dismiss the action on February 11, 2003. On November 23, 2004, the court denied the defendant's motion. This appeal followed.[1]

In determining whether the court improperly denied the defendant's motion to dismiss, we set forth the standard of review. A determination regarding a trial court's subject matter jurisdiction is a question of law. *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998). When the trial court draws conclusions of law, appellate review is plenary, and the reviewing court must decide whether the trial court's conclusions are legally and logically correct. See *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 219, 815 A.2d 281 (2003).

The defendant argues that the plaintiff's failure to appeal timely from the trial court's prior dismissal of his unemployment compensation claim concluded his cause of action for unemployment benefits. We agree. One who files a claim of benefits under the Unemployment Compensation Act has a carefully prescribed series of procedural steps that he must timely and successively exhaust to challenge a decision on benefits.[2]

[1] "The general rule is that the denial of a motion to dismiss is an interlocutory ruling and, therefore, is not a final judgment for purposes of appeal. . . . The denial of a motion to dismiss based on a colorable claim of sovereign immunity, by contrast, is an immediately appealable final judgment because the order or action so concludes the rights of the parties that further proceedings cannot affect them. . . . [U]nless the state is permitted to appeal a trial court's denial of its motion to dismiss, filed on the basis of a colorable claim of sovereign immunity, the state's right not to be required to litigate the claim filed against it would be irretrievably lost." (Citation omitted; internal quotation marks omitted.) *Wilson* v. *Troxler*, 91 Conn. App. 864, 866 n.2, 883 A.2d 18, cert. denied, 276 Conn. 928, 929, 889 A.2d 828, 829 (2005).

[2] General Statutes §§ 31-241, 31-242 and 31-249 provide for three levels of independent review. Section 31-241 provides that the administrator shall be the first person to examine the claim. Section 31-242 provides that a referee can review the decision of the administrator. Section 31-249 provides that

The plaintiff pursued most of his rights under the statutory scheme; however, General Statutes § 31-249b provides in relevant part: "An appeal may be taken from the decision of the Superior Court to the Appellate Court in the same manner as is provided in Section 51-197b. . . ." The plaintiff did not appeal to this court from the November 23, 2001 decision by the Superior Court. A timely appeal from the court's final decision was the available remedy to address any challenges to the ultimate denial of the plaintiff's unemployment claim. Consequently, the plaintiff has waived his right to appeal to this court.[3]

In this case, the plaintiff claims that the referee violated his due process rights. The procedure available to the plaintiff through the statutory appeals process, however, which might have provided the relief sought, was ignored. Although the legislature waived the state's immunity from suit for purposes of judicial review relative to the denial of unemployment compensation claims pursuant to the statutory scheme set forth in

---

the referee's decision may be appealed to the employment security board of review.

General Statutes § 51-197b provides: "(a) Except as provided in section 31-301b, all appeals that may be taken from administrative decisions of officers, boards, commissions or agencies of the state or any political subdivision thereof shall be taken to the Superior Court.

"(b) Except as provided in section 4-183, the Superior Court, after a hearing, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from.

"(c) So much of any special act as is inconsistent with this section is repealed.

"(d) Except as provided in sections 8-8, 8-9 and 22a-43, there shall be a right to further review to the Appellate Court under such rules as the judges of the Appellate Court shall adopt.

"(e) The procedure on such appeal to the Appellate Court shall be in accordance with the procedure provided by rule or law for the appeal of judgments rendered by the Superior Court unless modified by rule of the judges of the Appellate Court. There shall be no right to further review except to the Supreme Court pursuant to the provisions of section 51-197f."

[3] Practice Book § 63-1 provides that an appeal must be filed within twenty days of the date notice of the judgment or decision is given. The plaintiff did not appeal from the November 23, 2001 decision within twenty days.

General Statutes §§ 31-241 through 31-249, that waiver of sovereign immunity expired when the plaintiff failed to pursue an appeal to this court from the November 23, 2001 decision. The plaintiff cannot overcome the state's sovereign immunity by bringing an identical claim arising from the same underlying proceeding under the guise of a declaratory judgment. A claim for declaratory relief may be an exception to the doctrine of sovereign immunity only when the action seeking declaratory or injunctive relief is based on a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights. See *St. George* v. *Gordon*, 264 Conn. 538, 550 n.12, 555–56 n.20, 825 A.2d 90 (2003).

The mere framing of the complaint as one for declaratory judgment does not, in and of itself, make it so. See id. Although the plaintiff's action was denominated as a petition for declaratory and injunctive relief, the prayer for relief requested a new unemployment hearing, indicating that the plaintiff ultimately is seeking money damages. The exception to the doctrine of sovereign immunity for actions by state officers in excess of their statutory authority applies to actions seeking declaratory or injunctive relief, not to actions for money damages. See *Miller* v. *Egan*, 265 Conn. 301, 315–16, 828 A.2d 549 (2003) (en banc). Notwithstanding the plaintiff's claims that he is looking only to protect his reputation and not to collect money damages, in his complaint for relief he seeks a mandatory injunction ordering a new unemployment hearing, the purpose of which is to collect damages in the form of unemployment benefits. Therefore, because the plaintiff's claim ultimately is an action for money damages, the doctrine of sovereign immunity bars his action.

The judgment is reversed and the case is remanded with direction to grant the motion to dismiss and to render judgment dismissing the complaint.

In this opinion the other judges concurred.