PER CURIAM.
**250 The self-represented plaintiff, James A. Harnage, appeals from the judgment of the Appellate Court; see Harnage v. Lightner , 163 Conn. App. 337, 362, 137 A.3d 10 (2016) ; affirming the judgment of the trial court, which dismissed his action against the defendant state employees[1] in *214 their individual capacities for lack of personal jurisdiction due to insufficient service of process. We granted the plaintiff's petition for certification to appeal, limited to the following question: "Did the Appellate Court properly conclude that the plaintiff's action against the defendants in their individual capacities properly was dismissed for lack of personal jurisdiction?" Harnage v. Lightner , 323 Conn. 902, 150 A.3d 683 (2016). We answer the certified question in the affirmative.
The following undisputed facts and procedural history are set forth in the opinion of the Appellate Court. "The plaintiff is incarcerated at the MacDougall-Walker Correctional Institution. On February 11, 2014, the trial court found that the plaintiff was indigent and granted him a fee waiver for the entry fee, the filing fee, and the cost of service of process. The plaintiff then initiated this action against the defendants, in their official and individual capacities,[2] alleging that [they] had violated **251 his constitutional rights because they were deliberately indifferent to his medical needs. The plaintiff claimed, inter alia, that the defendants reused needles when administering insulin medication to inmates with diabetes... [and] refused to provide him with medical treatment for a serious hemorrhoid and an abdominal hernia.
"On March 5, 2014, the plaintiff attempted to serve the defendants by leaving a copy of the writ of summons ... and [the] complaint with the attorney general or his designee at the Office of the Attorney General. On or about April 15, 2014, the defendants mailed a letter to the plaintiff, requesting that he post a recognizance bond in the amount of $250 within ten days [in accordance with the provisions of General Statutes (Rev. to 2013) §§ 52-185[3] and 52-186].[4] That same day, the defendants also filed a motion to dismiss the complaint against the defendants in their individual capacities for lack of personal jurisdiction due to insufficient service of process, and against the defendants in their official capacities because the plaintiff had failed to post a recognizance bond.
**252 "The plaintiff subsequently filed an objection to the defendants' motion to dismiss.
*215 In his objection, the plaintiff argued that he had properly served the defendants in their individual capacities by leaving a copy of the process with the attorney general at the Office of the Attorney General in [the city of] Hartford. Furthermore, he claimed that the requirement of posting a recognizance bond pursuant to § 52-185 and Practice Book § 8-3 did not apply to him, and, even if it did, the amount of the recognizance bond was in the court's discretion and should be limited to the nominal amount of one dollar, which, in essence, is a request for a waiver.
"On June 30, 2014, the court granted the defendants' motion to dismiss in part. Specifically, the court granted the motion to dismiss the claims against the defendants in their individual capacities because the plaintiff failed to properly serve the defendants in their individual capacities pursuant to [General Statutes] § 52-57 (a).[5] The court also ordered the plaintiff to post a recognizance bond in the amount of $250 within two weeks or it would dismiss the case in its entirety upon reclaim of the motion. Because the plaintiff could not afford to post the $250 recognizance bond and desired to appeal from the court's decision, on November 10, 2014, he filed a motion for judgment, which the court subsequently granted." Harnage v. Lightner , supra, 163 Conn. App. at 340-42, 137 A.3d 10.
The plaintiff appealed to the Appellate Court from the judgment of the trial court, claiming, first, that the trial court incorrectly concluded that the plaintiff had failed to properly serve the defendants in their individual capacities and, second, that the trial court improperly granted the defendants' motion to dismiss the **253 claims brought against them in their official capacities due to the plaintiff's failure to post a recognizance bond. Id., at 342, 347, 137 A.3d 10. With respect to his first claim, the plaintiff maintained that, "in a civil action against state employees in their individual capacities, [General Statutes] § 52-64(a)[6] permits service of process to be made by a proper officer leaving a copy of process with the attorney general at the Office of the Attorney General in Hartford." Id., at 342, 137 A.3d 10. The plaintiff also contended that " § 52-57(a) does not require him to serve the defendants in hand or at their place of abode because the phrase, '[e]xcept as otherwise provided,' contained in § 52-57(a), is a reference to § 52-64." Id. With respect to his second claim, the plaintiff claimed that, because of his indigency and status as an inmate, "the recognizance bond requirement does not apply to him, or, if it does, it is unconstitutional because it deprives him of his rights to due process and equal protection of the law under the federal constitution." *216 Id., at 347, 137 A.3d 10. Regarding his constitutional claim, the plaintiff argued, more specifically, that the recognizance bond requirement "is unconstitutional, as applied to him, an indigent inmate, because it denies him his fundamental right of access to the courts, particularly his right to challenge the conditions of his confinement." Id., at 352, 137 A.3d 10.
The Appellate Court rejected the plaintiff's first claim, explaining that it was foreclosed by well established **254 precedent holding "that a plaintiff, who serves a state defendant pursuant to § 52-64(a) by leaving a copy of the process with the attorney general at the Office of the Attorney General, has properly served the defendant only in his or her official capacity and has failed to properly serve the defendant in his or her individual capacity." Id., at 344-45, 137 A.3d 10. The Appellate Court further explained that the plaintiff also could not prevail under § 52-57(a), which provides that, "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." As the Appellate Court noted, subsections(b) through (f) of § 52-57"specifically [enumerate] exceptions to subsection (a), none of which provide[s] that it is permissible to serve process in cases against state employees in their individual capacities by leaving a copy of the process with the attorney general at the Office of the Attorney General. Thus, the legislature's use of the phrase, '[e]xcept as otherwise provided,' does not advance the plaintiff's claim because he has failed to identify any applicable statutory exception to § 52-57(a)." Id., at 346, 137 A.3d 10.
With respect to the plaintiff's second contention, the Appellate Court determined that the plaintiff's failure to post a recognizance bond in accordance with §§ 52-185 and 52-186 did not necessarily require dismissal of his claims against the defendants in their official capacities. See id., at 362, 137 A.3d 10. Although concluding that the recognizance bond provisions applied to the plaintiff; id., at 347, 137 A.3d 10 ; the Appellate Court also observed that the plaintiff had raised "valid constitutional concerns regarding the recognizance bond requirement as applied to him, an indigent inmate"; id., at 354, 137 A.3d 10 ; because "[p]risoners possess a right of access not only to pursue appeals from criminal convictions or to bring a habeas action, but also to assert civil rights actions to vindicate **255 their basic constitutional rights, including challenging the conditions of their confinement under the eighth [and fourteenth] amendment[s] to the federal constitution." Id., at 354, 137 A.3d 10. To alleviate these constitutional concerns, the Appellate Court placed an interpretative gloss on §§ 52-185 and 52-186 as authorizing a trial court to waive or significantly reduce a party's obligation to post a recognizance bond in light of that party's indigency and, as in the present case, status as an inmate. See id., at 359, 137 A.3d 10. The Appellate Court therefore reversed the trial court's judgment insofar as the plaintiff's action against the defendants in their official capacities was dismissed and remanded the case for a hearing on the issue of whether the plaintiff is entitled to a waiver of the recognizance bond requirement. Id., at 362, 137 A.3d 10.
We granted the plaintiff's petition for certification to appeal solely on the issue of whether the Appellate Court correctly concluded that the trial court properly had dismissed the plaintiff's action against the defendants in their individual capacities for lack of personal jurisdiction. Harnage v. Lightner , supra, 323 Conn. at 902, 150 A.3d 683. Having examined the *217 record on appeal and reviewed the parties' briefs and arguments, we conclude that the issue on which we granted certification was fully considered and properly resolved against the plaintiff in the thorough and well reasoned opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion contained therein beyond the summary already provided in this opinion. Accordingly, we affirm the judgment of the Appellate Court insofar as it pertains to the issue raised by the certified question.
Ordinarily, our resolution of the certified question would end our inquiry. Thus, in the present case, we typically would have no occasion to address the Appellate Court's remand of the case to the trial court for a determination of whether the plaintiff is entitled to a waiver of the recognizance bond requirement of §§ 52- **256 185 and 52-186 with respect to his action against the defendants in their official capacities. At oral argument before this court, however, the plaintiff clarified, in express and unequivocal terms, that, despite the contrary understanding of the Appellate Court, the trial court and the defendants; see footnote 2 of this opinion; it was never his intention to sue the defendants in their official capacities and that, in fact, he was raising no claims against the defendants in their official capacities. In light of that acknowledgement, the recognizance bond issue has been rendered moot, and, consequently, there is no reason for the case to be remanded to the trial court for a hearing on the plaintiff's entitlement to a waiver of the recognizance bond requirement.
The judgment of the Appellate Court is affirmed with respect to the issue of whether the plaintiff's action against the defendants in their individual capacities properly was dismissed for lack of personal jurisdiction, the remand order of the Appellate Court directing the trial court to conduct a hearing on the issue of whether to waive the recognizance bond requirement is vacated, and the case is remanded to the Appellate Court with direction to remand the case to the trial court and to direct the trial court to render judgment dismissing the plaintiff's action.

The defendants named in the plaintiff's complaint are nine state employees. Eight of the defendants were employed by the University of Connecticut Correctional Managed Healthcare Program and provided medical services to inmates at the MacDougall-Walker Correctional Institution; they are identified in the complaint as Racquel Lightner, Doctors Pillai, O'Hallaran, and Naqui, "CN Vecchairelli," "PA Rob," "LPN Francis," and Lisa Caldonero. The ninth defendant, identified as "Lieutenant Williams," was an employee of the Department of Correction.

As the Appellate Court observed, "[t]he plaintiff's complaint specifically indicates that the plaintiff is suing the defendants in their individual capacities but is silent as to whether he is also suing them in their official capacities. The defendants and the trial court treated the complaint as if the defendants were being sued in both their official capacities and [their] individual capacities." Harnage v. Lightner , supra, 163 Conn. App. at 340-41 n.4, 137 A.3d 10.

General Statutes (Rev. to 2013) § 52-185 (a) provides in relevant part: "If ... in any civil action ... it does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against him, the plaintiff shall enter into a recognizance to the adverse party with a financially responsible inhabitant of this state as surety, or a financially responsible inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him...."
Hereinafter, all references to § 52-185 are to the 2013 revision.

General Statutes (Rev. to 2013) § 52-186 (a) provides in relevant part: "The court, upon motion of the defendant or on its own motion, may order a sufficient bond to be given by the plaintiff before trial .... In determining the sufficiency of the bond to be given, the court shall consider only the taxable costs which the plaintiff may be responsible for under section 52-257 ...."
Hereinafter, all references to § 52-186 are to the 2013 revision.

General Statutes § 52-57(a) provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."

General Statutes § 52-64(a) provides: "Service of civil process in any civil action or proceeding maintainable against or in any appeal authorized from the actions of, or service of any foreign attachment or garnishment authorized against, the state or against any institution, board, commission, department or administrative tribunal thereof, or against any officer, servant, agent or employee of the state or of any such institution, board, commission, department or administrative tribunal, as the case may be, may be made by a proper officer (1) leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General at the office of the Attorney General in Hartford, or (2) sending a true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the office of the Attorney General in Hartford."