******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ANTHONY C. CARTER *v.* JAMES WATSON ET AL.
(AC 39655)

Sheldon, Elgo and Bear, Js.

*Syllabus*

The self-represented, incarcerated plaintiff brought this action against the defendant employees of the Department of Correction, claiming that his rights to due process under a department administrative directive pertaining to drug testing were violated due to a delay in his release from restrictive housing after the defendants were informed that his urine sample had tested negative for illicit drugs. The plaintiff also claimed that his status prior to the defendants' action was not fully restored because he lost his job in the prison library. The trial court granted in part the defendants' motion to dismiss, concluding that sovereign immunity barred the plaintiff's claims for monetary damages against the defendants in their official capacities and that all claims against the defendants in their individual capacities had to be dismissed because of defective service of process. Thereafter, the court granted the defendants' motion for reargument and dismissed the plaintiff's complaint entirely, ruling that his claim for declaratory relief was moot because he had been transferred out of the correctional institution at which the defendants were employed. *Held*:

1. The trial court properly dismissed the plaintiff's claim for monetary damages against the defendants in their official capacities for lack of subject matter jurisdiction, as that claim was barred by the doctrine of sovereign immunity; the plaintiff's allegations did not fall under the exception to the sovereign immunity doctrine for individuals alleged to have acted in excess of their statutory authority, which applied only to actions for injunctive or declaratory relief, and the plaintiff did not allege, nor was there any evidence, that he had obtained authorization from the Claims Commissioner to bring an action for monetary damages.

2. The trial court properly dismissed the plaintiff's claim for declaratory relief on the ground of mootness, as it is well established that an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials at that facility, and the plaintiff's allegations did not satisfy the capable of repetition, yet evading review exception to the mootness doctrine; there was no evidence that the defendants' action had an inherently limited duration such that it would be strongly likely to become moot in the majority of cases in which it arose, there was no allegation that the events at issue were part of a systemic, systematic, ongoing, frequent or occasional pattern or practice, the plaintiff not having alleged that he had been the subject of the same or a similar erroneous occurrence in the approximately four years since the occurrence at issue, and the plaintiff did not allege that his claims were a matter of public importance.

Argued December 6, 2017—officially released May 1, 2018

*Procedural History*

Action to recover damages for the alleged deprivation of the plaintiff's due process rights, and for other relief, brought to the Superior Court in the judicial district New Haven, where the court, *Ecker, J.*, granted in part the defendants' motion to dismiss; thereafter, the court granted the defendants' motion for reargument and rendered judgment dismissing the action, from which the plaintiff appealed to this court. *Affirmed*.

*Anthony C. Carter*, self-represented, the appellant (plaintiff).

*Steven R. Strom*, assistant attorney general, with

whom, on the brief, was *George Jepsen*, attorney general, for the appellees (defendants).

*Opinion*

BEAR, J. The self-represented plaintiff, Anthony C. Carter, appeals from the judgment of the trial court dismissing his action against the defendants, the attorney general for the state of Connecticut and four state employees,[1] in their official and individual capacities, on the grounds of sovereign immunity, lack of personal jurisdiction due to insufficient service of process, and mootness. On appeal, the plaintiff asserts that the court erred in dismissing his action against the defendants in their official capacities because his allegations fall within (1) an exception to the doctrine of sovereign immunity and (2) the capable of repetition, yet evading review exception to mootness.[2] We affirm the judgment of the court.

The following facts alleged in the complaint and procedural history are relevant to this appeal. In a complaint dated June 9, 2015, the plaintiff, then an inmate at Cheshire Correctional Institution in Cheshire, alleged that on July 17, 2014, he was subject to a random urinalysis test pursuant to Department of Correction Administrative Directive 6.8. The plaintiff was informed that his urine sample tested positive for amphetamines. According to protocol, a positive test result requires the sample to be sent to an outside laboratory for confirmatory testing. The plaintiff was placed in restrictive housing while awaiting the results of the confirmatory test. On July 22, 2014, correctional institution officials were informed that the plaintiff's urine sample tested negative for amphetamines and methamphetamines. More than twenty-four hours later, the plaintiff was still in restrictive housing. According to the administrative directive, when the "outside laboratory urinalysis results are negative . . . the inmate's status prior to any administrative action taken shall be restored." The plaintiff alleged that, following the negative test results, "he was not restored to his prior status as a ticket or trouble free inmate, nor his employment in the library area . . . ."

The plaintiff averred that the defendants either were involved in a conspiracy to deprive or "reckless[ly] disregard[ed] . . . the plaintiff's due process rights afforded [to] him by administrative directive 6.8." For relief, the defendant sought monetary damages from the defendants in their official and individual capacities, a jury trial and "[a] declaratory judgment declaring what [his] due process rights [were] or are." On August 7, 2014, approximately three weeks after the random urinalysis test was administered, the plaintiff was transferred to MacDougall-Walker Correctional Institution in Suffield. The plaintiff subsequently was transferred to Corrigan-Radgowski Correctional Institution in Uncasville.

The defendants were served with process on July 20,

2015, by a state marshal who left the writ of summons and complaint at the Office of the Attorney General. On August 12, 2015, the defendants filed a motion to dismiss the plaintiff's complaint on the grounds of lack of personal jurisdiction, sovereign immunity, and mootness. On February 18, 2016, the court granted the motion to dismiss in part, stating that (1) sovereign immunity barred any claims for monetary damages against the defendants in their official capacities, and (2) claims against the defendants in their individual capacities were dismissed for defective service of process. The court denied the motion to dismiss as to the plaintiff's claim for declaratory relief. Subsequently, on August 16, 2016, the court granted the defendants' motion to reargue and dismissed the plaintiff's complaint entirely, stating that the plaintiff's claim for declaratory relief was moot because he had been transferred out of the correctional institution at which the defendants were employed. This appeal followed.

Our standard of review on a motion to dismiss is well established. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 200–201, 994 A.2d 106 (2010).

## I

We first address the plaintiff's claim that the court erred by dismissing his action against the defendants in their official capacities on the ground of sovereign immunity. The plaintiff argues that his complaint contained sufficient allegations to fall within an exception to the doctrine of sovereign immunity; specifically, that the defendants' conduct was in excess of their statutory authority derived from Department of Correction Administrative Directive 6.8.

"Sovereign immunity relates to a court's subject matter jurisdiction over a case, and therefore presents a question of law over which we exercise de novo review. . . . In so doing, we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state

and our legal system in general, finding its origin in ancient common law. . . . Not only have we recognized the state's immunity as an entity, but [w]e have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Exceptions to this doctrine are few and narrowly construed under our jurisprudence. . . .

"[T]he sovereign immunity enjoyed by the state is not absolute. There are [three] exceptions: (1) when the legislature, either expressly or by force of a necessary implication, statutorily waives the state's sovereign immunity . . . (2) when an action seeks declaratory or injunctive relief on the basis of a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights . . . and (3) when an action seeks declaratory or injunctive relief on the basis of a substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority. . . . For a claim under the third exception, the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they also must allege or otherwise establish facts that reasonably support those allegations. . . . In the absence of a proper factual basis in the complaint to support the applicability of these exceptions, the granting of a motion to dismiss on sovereign immunity grounds is proper." (Citations omitted; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 349–50, 977 A.2d 636 (2009).

Our Supreme Court has held that the exception to sovereign immunity for individuals alleged to have acted in excess of their statutory authority applies only to actions for injunctive or declaratory relief. *Miller* v. *Egan*, 265 Conn. 301, 321, 828 A.2d 549 (2003). "The reason for this qualification was to protect the state from significant interference with its functions and to limit the rule to declaratory or injunctive suits, in which the trial court carefully can tailor the relief." (Internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 293 Conn. 351. Furthermore, "a plaintiff who seeks to bring an action for monetary damages against the state must first obtain authorization from the claims commissioner." *Miller* v. *Egan*, supra, 317; see also General Statutes § 4-141 et seq.; *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 723, 937 A.2d 675 (2007).

In the present case, the court determined that "eleventh amendment sovereign immunity bars any due process claim for monetary damages brought against [the] defendants in their official capacities." We agree. Although the plaintiff argues that his allegations fall under the third exception, the third exception relates

only to claims for declaratory or injunctive relief.[3] Additionally, the plaintiff has neither alleged, nor is there any evidence in the record to establish, that he has obtained authorization from the Claims Commissioner to bring this action for monetary damages. Accordingly, the doctrine of sovereign immunity bars the plaintiff's claims for monetary relief. This is our well established jurisprudence. See, e.g., *Klemonski* v. *University of Connecticut Health Center*, 141 Conn. App. 106, 60 A.3d 1002, cert. denied, 308 Conn. 930, 64 A.3d 121 (2013); *Kenney* v. *Weaving*, 123 Conn. App. 211, 1 A.3d 1083 (2010); *Bloom* v. *Dept. of Labor*, 93 Conn. App. 37, 888 A.2d 115, cert. denied, 277 Conn. 912, 894 A.2d 992 (2006). Because the doctrine of sovereign immunity applies, the court properly dismissed the plaintiff's claim for monetary damages against the defendants in their official capacities for lack of subject matter jurisdiction.

## II

Next, we address the plaintiff's argument that the court erred in dismissing his claim for declaratory relief on the ground of mootness, which was based on his assertion that his allegations fall within the capable of repetition, yet evading review exception. The plaintiff, in his brief, admits that "[i]t is well established that an inmate['s] transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." Nevertheless, he contends that his claim is not moot because he could be subject to random urinalysis tests at any state correctional institution. Our only inquiry is whether the capable of repetition, yet evading review exception applies to the plaintiff's claim. We conclude that it does not.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates this court's subject matter jurisdiction. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *Renaissance Management Co.* v. *Barnes*, 175 Conn. App. 681, 685–86, 168 A.3d 530 (2017).

An otherwise moot question may qualify for review under the capable of repetition, yet evading review exception to the mootness doctrine. *In re Priscilla A.*,

122 Conn. App. 832, 836, 2 A.3d 24 (2010). "To qualify under the capable of repetition, yet evading review exception, three requirements must be met. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *Renaissance Management Co.* v. *Barnes*, supra, 175 Conn. App. 686–87; accord *Loisel* v. *Rowe*, 233 Conn. 370, 383–88, 660 A.2d 323 (1995) (requirements known as the *Loisel* factors).

"The first element in the analysis pertains to the length of the challenged action. . . . The basis for this element derives from the nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome. . . . [A] party typically satisfies this prong if there exists a functionally insurmountable time [constraint] . . . or the challenged action had an intrinsically limited lifespan." (Internal quotation marks omitted.) *Renaissance Management Co.* v. *Barnes*, supra, 175 Conn. App. 687.

Analysis under the second requirement "entails two separate inquiries: (1) whether the question presented will recur at all; and (2) whether the interests of the people likely to be affected by the question presented are adequately represented in the current litigation. . . . Commonly referred to as the surrogacy concept, that second inquiry requires some nexus between the litigating party and those people who may be affected by the court's ruling in the future." (Citation omitted; internal quotation marks omitted.) *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 96 Conn. App. 496, 500–501, 900 A.2d 572, cert. denied, 280 Conn. 938, 910 A.2d 217 (2006).

In the present case, the plaintiff argues that his allegations satisfy the requirements of the exception. Under the first requirement, the length of the challenged action, he asserts that he was placed in restrictive hous-

ing from July 17 through August 7, 2014, when he was transferred to another facility, and that this "duration was too short to be fully litigated prior to cessation or expiration . . . ." Under the second requirement, the reasonable likelihood that the question will arise again, the plaintiff argues that "there is a reasonable expectation that he will be subject to the same [random urinalysis testing] again" at any correctional institution in the state. The plaintiff did not allege that the third requirement is also satisfied, i.e., that his claims are a matter of public importance.

A reasonable interpretation of the plaintiff's allegations is that he was aggrieved due to the delay in his release from restrictive housing after the correctional institution officials were informed that his urine sample tested negative for amphetamines and methamphetamines, and that his prior status was not fully restored because he lost his job in the library due to his transfer to a different correctional institution. Although the plaintiff alleged that he was placed in restrictive housing for a limited duration in this specific instance, there is no evidence of the challenged action having an *inherently limited duration* or *intrinsically limited lifespan*. Moreover, there is no evidence in the record that such actions will be "strongly likely to become moot in the substantial majority of cases in which [they arise] . . . ." (Internal quotation marks omitted.) *Renaissance Management Co.* v. *Barnes*, supra, 175 Conn. App. 687. The court noted that there was no allegation in the plaintiff's complaint that the events giving rise to his claims were "part of a systemic, systematic, ongoing, frequent or even occasional pattern or practice at [any correctional institution]." We note that the plaintiff has not alleged in any way that he has been the subject of the same or a similar erroneous occurrence in the approximately four years that have passed since the occurrence of which he complains. The plaintiff's claim of possible repetition thus is, at best, speculative. Without a more detailed record, we cannot conclude, in the absence of any allegation by the plaintiff, that he has satisfied the public importance requirement. "Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *Burbank* v. *Board of Education*, 299 Conn. 833, 840, 11 A.3d 658 (2011). Not only has the plaintiff failed to meet all three requirements to qualify under the capable of repetition, yet evading review exception to an otherwise moot claim, he has failed to establish any of the three requirements for such an exception.[4] Accordingly, the court properly dismissed the plaintiff's claim for declaratory relief for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint named four Department of Correction employees, Captain James Watson, Lieutenant Brett Mollins, Officer Christopher Kelly, and Officer Jason Hogan. Although the fifth defendant, the attorney general for the

state of Connecticut, was served with process, the complaint made no allegations against him.

[2] On appeal, the plaintiff does not challenge the court's dismissal of the action against the defendants in their individual capacities for lack of personal jurisdiction due to insufficient service of process. See *Harnage* v. *Lightner*, 328 Conn. 248, 255,     A.3d     (2018) (court properly dismissed action against defendants in their individual capacities for lack of personal jurisdiction due to insufficiency of service of process).

[3] To the extent that the plaintiff also argues that his allegations fall under the second exception to sovereign immunity, that argument is inadequately briefed; accordingly, we need not address it. See *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 33, 144 A.3d 420 (2016). Nevertheless, the same analysis would apply to the second exception, as it applies only to claims for declaratory or injunctive relief.

[4] To the extent that the plaintiff directly or indirectly hoped or intended to represent or rely on the interests of other inmates, as obliquely stated in his oral argument, because he is self-represented he cannot do so. "The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).