******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PALMER, J., concurring. I agree with, and join, the majority opinion. I write separately only to note my agreement, in addition, with the determination of the trial court that the plaintiff, Schaghticoke Tribal Nation, does not have standing with respect to its claims of a breach of fiduciary duty by the defendants, the state of Connecticut and the Commissioner of Energy and Environmental Protection.

As the majority has explained, the trial court properly rejected the plaintiff's claims seeking just compensation for the state's alleged unconstitutional taking of land that the plaintiff contends belongs to it, concluding that sovereign immunity bars those claims because the plaintiff has no cognizable property right in that land. See *Tamm* v. *Burns*, 222 Conn. 280, 284, 610 A.2d 590 (1992) ("[t]o survive a motion to dismiss on the ground of sovereign immunity, a complaint must allege sufficient facts to support a finding of a taking of land in a constitutional sense" (internal quotation marks omitted)). With respect to the plaintiff's fiduciary claims, the trial court thereafter dismissed those claims upon concluding that the plaintiff lacks standing to bring them for essentially the same reason that the plaintiff cannot prevail on its underlying takings claims, that is, because the plaintiff has no ownership interest in the property that it claims the state took from it. On appeal, the majority has not addressed the trial court's conclusion regarding standing, electing, instead, to affirm the court's dismissal of the fiduciary claims on the ground of sovereign immunity. I agree with the majority's conclusion in that regard because, as this court discussed in *Bloom* v. *Dept. of Labor*, 93 Conn. App. 37, 888 A.2d 115, cert. denied, 277 Conn. 912, 894 A.2d 992 (2006), equitable claims against the state that have been brought for the sole purpose of facilitating a money judgment against the state are barred by sovereign immunity to the same extent that the money judgment itself is barred by that doctrine. Id., 41.

Nevertheless, I also agree with the trial court's holding that the plaintiff has an insufficient interest in the land at issue for standing purposes. To establish standing, a party must make at least a threshold or colorable showing of aggrievement. See, e.g., *May* v. *Coffey*, 291 Conn. 106, 112, 967 A.2d 495 (2009). For present purposes, "aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific or legal interest." (Internal quotation marks omitted.) *Lazar* v. *Ganim*, 334 Conn.

73, 85, 220 A.3d 18 (2019). Having correctly concluded that the plaintiff lacked a property interest sufficient to support a takings claim because the state, not the plaintiff, owns the land, the trial court also correctly concluded that the plaintiff has not made a colorable showing that it is entitled to the equitable relief it seeks in connection with that takings claim. For that reason, as well, I agree with the majority that the trial court properly dismissed all of the plaintiff's claims, including its fiduciary claims.

———————————————