******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOZEF SAMSEL *v.* WILLIAM PARKS
(AC 47018)

Bright, C. J., and Moll and Cradle, Js.

*Syllabus*

The defendant appealed from the trial court's denial of his motion to open the judgment of possession rendered for the plaintiff in this summary process action. The defendant claimed that the trial court improperly denied his motion to open. *Held:*

The defendant's appeal was dismissed as moot because he was no longer in possession of the subject property, and he failed to demonstrate that any recognized exception to the mootness doctrine applied.

Submitted on briefs September 20—officially released October 8, 2024

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of New Haven, Housing Session at Meriden, where the court, *Hon. John F. Cronan*, judge trial referee, rendered judgment of possession for the plaintiff; thereafter, the court, *Hon. John F. Cronan*, judge trial referee, denied the defendant's motion to open the judgment, and the defendant appealed to this court. *Appeal dismissed.*

*David E. Rosenberg* filed a brief for the appellant (defendant).

*Opinion*

PER CURIAM. In this summary process action, the defendant, William Parks, appeals from the judgment of the trial court denying his motion to open the judgment of possession in favor of the plaintiff, Jozef Samsel. On appeal, the defendant claims that the court improperly denied his motion to open the judgment. We dismiss the defendant's appeal as moot.

The record reflects the following undisputed facts. The plaintiff owns the premises located at 421 E. Mitchell Avenue in Cheshire (premises). The parties executed

a written lease agreement pursuant to which the defendant agreed to rent the premises. On August 1, 2023, the plaintiff served the defendant with a notice to quit possession, which stated that the defendant's lease was terminated due to, inter alia, nonpayment of rent, and ordered him to vacate the premises by August 31, 2023. On September 10, 2023, the plaintiff served the defendant with a summary process summons and complaint with a return date of September 19, 2023, which was filed on September 13, 2023. On September 25, 2023, after the defendant failed to file an appearance within the time allotted, the plaintiff filed a motion for judgment for failure to appear pursuant to General Statutes § 47a-26. The trial court granted the motion and rendered judgment for the plaintiff for immediate possession of the premises on Monday, October 2, 2023.

In accordance with General Statutes § 47a-35,[1] the automatic stay of the judgment expired on Monday, October 9, 2023, and counsel for the defendant filed an appearance and a motion to open and vacate judgment on October 10, 2023.[2] In that motion, counsel for the defendant stated that the defendant had "just engaged" counsel and that he "is an elderly, unsophisticated party" who did not understand that the underlying action was different from a prior action filed by the

[1] General Statutes § 47a-35 provides in relevant part: "(a) Execution shall be stayed for five days from the date judgment has been rendered, provided any Sunday or legal holiday intervening shall be excluded in computing such five days.

"(b) No appeal shall be taken except within such five-day period. If an appeal is taken within such period, execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay . . . . If execution has not been stayed, as provided in this subsection, execution may then issue . . . ."

[2] The filing of "the motion to open . . . *outside* of the five day statutory appeal period from the judgment of possession" does not stay execution of the judgment. (Emphasis in original.) *Atlantic St. Heritage Associates, LLC* v. *Bologna*, 204 Conn. App. 163, 170, 252 A.3d 881 (2021).

plaintiff and was "unaware of the significance of the filing of the plaintiff's motion for default" until he received the notice of judgment.

Also on October 10, 2023, the plaintiff filed an objection to the defendant's motion to open. In that objection, the plaintiff asserted that "the prior action to which [the defendant] is referring was withdrawn . . . on May 20, 2023. . . . The defendant has already gone through an eviction process . . . [in which] he again failed to appear and then filed a motion to open in response to the plaintiff's motion for default. . . . In [that] motion to open . . . [the defendant] made the identical claim [that he is] 'elderly and unsophisticated' and 'unaware of the significance of the filing of the plaintiff's motion for default.' . . . Like in the former action, [the defendant] now has again chosen to fail to appear and has claimed thereafter to be unaware of the significance of the motion for default for failure to appear."

On October 11, 2023, the court denied the defendant's motion to open and sustained the plaintiff's objection thereto without elaboration. On October 17, 2023, the defendant filed a motion to reargue, requesting that the court allow reargument and/or reconsideration of the denial of his motion to open or, in the alternative, that the court articulate the reasoning for its decision. The plaintiff filed an objection to the defendant's motion the following day, and the court denied the motion to reargue on October 19, 2023, again without elaboration. The defendant filed the present appeal on October 23, 2023.

On October 27, 2023, the plaintiff filed a motion to terminate stay with the Office of the Appellate Clerk, which forwarded the motion to the trial court for a hearing and decision pursuant to Practice Book § 61-11 (e). The defendant filed an objection to the motion on November 20, 2023, and the trial court held a hearing

on the motion on the same day. In a memorandum of decision dated November 27, 2023, the court granted the motion to terminate stay.[3] The defendant did not seek review of that decision pursuant to Practice Book § 66-6,[4] and an execution for possession of the premises issued on December 20, 2023.[5] A state marshal performed the eviction on December 26, 2023, and returned the satisfied execution to the court on December 27, 2023.

"This court has consistently held that an appeal from a summary process judgment becomes moot where, at the time of the appeal, the defendant is no longer in possession of the premises." (Internal quotation marks omitted.) *Friedman* v. *Gomez*, 172 Conn. App. 254, 260, 159 A.3d 703 (2017). "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates this court's subject matter jurisdiction. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief

---

[3] Given that the defendant's motion to open was filed outside of the statutory appeal period, it appears that there was no stay in place for the court to terminate. See footnote 2 of this opinion. Nevertheless, it is irrelevant to our mootness analysis whether the defendant was evicted because no stay existed or because the court terminated the stay.

[4] Practice Book § 66-6 provides in relevant part: "(a) The court may, on written motion for review stating the grounds for the relief sought, modify or vacate . . . (4) any order made by the trial court concerning a stay of execution in a case on appeal . . . ."

Pursuant to Practice Book § 61-14, "[t]he sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6."

[5] The defendant filed an application for an ex parte temporary injunction and a motion to quash execution (writ of audita querela) on December 26, 2023, which were denied by the court that same day. On December 27, 2023, the defendant filed a motion to reargue/reconsider the denial of his writ of audita querela, which the court denied "as moot, the judgment having been executed."

through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *Renaissance Management Co.* v. *Barnes*, 175 Conn. App. 681, 685–86, 168 A.3d 530 (2017).

Because the defendant is no longer in possession of the premises, his appeal is moot unless an exception to the mootness doctrine applies. The defendant recognizes this fact in his appellate brief and argues that his claim is nevertheless reviewable pursuant to both the collateral consequences and "capable of repetition, yet evading review" exceptions to the mootness doctrine. We are not persuaded and, therefore, dismiss the appeal as moot.

It is well settled that "the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur. . . . [T]he litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Whe[n] there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Internal quotation marks omitted.) *In re P. M.*, 226 Conn. App. 378, 386–87, 318 A.3d 1085, cert. denied, 349 Conn. 919,      A.3d      (2024).

In the present case, the defendant contends that, "as a result of the trial court's abuse of its discretion, the [defendant] has [suffered] and continues to suffer actual and substantial collateral consequences, including but not limited to harm to the defendant's access for his benefits through the Veteran's Administration and to his reputation, which continue to impair his ability to

secure safe and secure housing." These assertions, without more, amount to mere conjecture.

This court previously rejected similar contentions in *Iacurci* v. *Wells*, 108 Conn. App. 274, 947 A.2d 1034 (2008). In that case, as in the present one, the court considered whether the appeal from a summary process judgment had been rendered moot because the defendants no longer were in possession of the leased property. Id., 276. On appeal, the defendants claimed "that their reputation in the community [had] been and [would] be adversely affected by the eviction judgment rendered against them." Id., 281. In addition, one of the defendants, who was an attorney for a casino, claimed that his gaming license, which he was required to maintain as a casino employee, would "be affected adversely by the summary process judgment because he [was] required to disclose all judgments against him [pursuant to] certain gaming license requirements." Id., 282–83.

In rejecting these contentions, this court explained that "the defendants . . . failed to show how a summary process eviction, in and of itself, damages a person's reputation in the community at all, much less that it rises to the level such that we would be inclined to recognize it as a collateral consequence that would allow this court to review an otherwise moot appeal. Contra *Putman* v. *Kennedy*, 279 Conn. 162, 900 A.2d 1256 (2006) (defendant's otherwise moot appeal of expired domestic violence restraining order reviewable because of its reasonably possible negative impact on reputation in community); *Williams* v. *Ragaglia*, 261 Conn. 219, 802 A.2d 778 (2002) (en banc) (foster parent's otherwise moot appeal regarding revocation of foster care license deemed reviewable due in part to possibility that revocation information would be disseminated through government agencies creating reasonable possibility of negative impact on reputation as foster parent); *Statewide Grievance Committee* v. *Whitney*, 227

Conn. 829, 633 A.2d 296 (1993) (attorney's otherwise moot appeal of expired suspension reviewable because of collateral consequences to attorney's reputation). . . .

"[Moreover] [t]he defendants [failed to] explain how [the defendant attorney's] license adversely will be affected. Without more, we are unable to determine, without speculating, whether there is a reasonable possibility that prejudicial collateral consequences will occur. . . . Because this court will not speculate on what is not in the record, we decline to review this claim." (Citation omitted; footnote omitted.) *Iacurci* v. *Wells*, supra, 108 Conn. App. 282–83.

The same reasoning applies in the present case, in which the defendant also has failed to explain how the summary process judgment damages his reputation in the community or how it affects his "access for his benefits through the Veteran's Administration." Cf. *Housing Authority* v. *Lamothe*, 225 Conn. 757, 765, 627 A.2d 367 (1993) (holding that appeal was not moot despite defendant's vacating of premises because judgment would have potentially prejudicial collateral consequences to defendant given plaintiff's concession that eviction from federally subsidized housing would hinder defendant's ability to obtain future low-income housing). As in *Iacurci*, because the defendant offers mere conjecture as to possible collateral consequences, "we are unable to determine, without speculating, whether there is a reasonable possibility that prejudicial collateral consequences will occur." *Iacurci* v. *Wells*, supra, 108 Conn. App. 283. Therefore, because we "will not speculate on what is not in the record"; id.; the defendant has failed to demonstrate that the collateral consequences doctrine applies in the present case.

The defendant also argues that his claim is reviewable under the capable of repetition, yet evading review

exception. See *Loisel* v. *Rowe*, 233 Conn. 370, 382–83, 660 A.2d 323 (1995). There are three requirements "for an otherwise moot question to qualify for review under the 'capable of repetition, yet evading review' exception . . . . First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." Id., 382–83.

The defendant argues that "it is unquestioned that summary process actions are, by their very nature, limited proceedings, and without addressing the issues on appeal, the effects of the challenged actions would evade adjudication indefinitely. Second, the issues raised in this appeal will most certainly arise again . . . and the effects of the challenged action will affect unrepresented and underrepresented tenants in housing matters in the future. Finally, the question of how the trial courts can and should address tenant litigants . . . is clearly a matter of public importance." We conclude that the first requirement of the capable of repetition, yet evading review exception is not satisfied in the present case.

"The first [requirement] pertains to the length of the challenged action. . . . The basis for this [requirement] derives from the nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover,

if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced." (Internal quotation marks omitted.) *Renaissance Management Co.* v. *Barnes*, supra, 175 Conn. App. 687.

The defendant has appealed from the denial of his motion to open a default judgment rendered against him in a summary process action. Although "[s]ummary process appeals are particularly susceptible to becoming moot upon some action taken by the parties"; *Housing Authority* v. *Lamothe*, supra, 225 Conn. 763; such cases do not involve "the functionally insurmountable time constraints" involved in the "[p]aradigmatic examples [of] abortion cases and other medical treatment disputes." (Internal quotation marks omitted.) *Wendy V.* v. *Santiago*, 319 Conn. 540, 546, 125 A.3d 983 (2015). As § 47a-35 makes clear, termination of the automatic stay and eviction of a tenant during the pendency of an appeal is the exception—not the rule—in summary process actions. See General Statutes § 47a-35 (b) ("[i]f an appeal is taken within such period, *execution shall be stayed* until the final determination of the cause, *unless* it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay" (emphasis added)). Pursuant to Practice Book § 63-1 (c) (1), the filing of a motion to open within the five day appeal period set forth in § 47a-35 suspends that appeal period until the trial court resolves the motion.[6] See *Atlantic St. Heritage Associates, LLC* v. *Bologna*, 204 Conn. App. 163, 170–71, 252 A.3d 881 (2021).

Thus, so long as both the motion to open and the appeal from the denial thereof are filed within the

---

[6] As previously noted; see footnote 4 of this opinion; when a trial court terminates the automatic stay pursuant to § 47a-35 (b), an appellant may file a motion for review of that decision in this court.

respective five day appeal periods, a tenant will not be dispossessed of the premises during the pendency of an appeal in the majority of cases. Therefore, the issue presented here—namely, whether the trial court abused its discretion by denying a tenant's motion to open a default judgment—is not likely to become moot in the vast majority of summary process cases. This is evident from this court's recent decisions. See, e.g., *Prime Management, LLC* v. *Arthur*, 217 Conn. App. 737, 754, 290 A.3d 401 (2023) (reversing judgment denying defendant tenant's motion to open default judgment); *Josephine Towers, L.P.* v. *Kelly*, 199 Conn. App. 829, 835, 238 A.3d 732 (considering merits of defendant tenant's appeal from denial of motion to open filed after appeal period from judgment of possession had expired), cert. denied, 335 Conn. 966, 240 A.3d 281 (2020); *Purtill* v. *Cook*, 197 Conn. App. 22, 26–27, 231 A.3d 245 (2020) (affirming judgment denying defendant tenant's motion to open default judgment). Accordingly, because the issue presented will not evade review, the capable of repetition, yet evading review exception to the mootness doctrine does not apply in the present case. See *Wendy V.* v. *Santiago*, supra, 319 Conn. 547.

Consequently, because we can afford the defendant no practical relief, and because he has failed to demonstrate that a recognized exception to the mootness doctrine applies, we dismiss the defendant's appeal for lack of subject matter jurisdiction.

The appeal is dismissed.